IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 08-cv-01594-PAB-MEH

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CFO-5, et al.,

    Defendants.

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENTS AGAINST DEFENDANTS CFO-5, LLC AND TRINITY INTERNATIONAL
ENTERPRISES, INC.**

This matter is before the Court on plaintiff Securities and Exchange Commission's motion for default judgments against CFO-5, LLC ("CFO-5") and Trinity International Enterprises, Inc. ("Trinity") pursuant to Fed. R. Civ. P. 55(b)(2) [Docket No. 118]. The Securities and Exchange Commission ("SEC") has moved the Court for entry of judgments by default against CFO-5 and Trinity, finding that they have violated Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; enjoining them from future violations of these provisions; ordering them to disgorge ill-gotten gains received as a result of the conduct alleged in the complaint along with prejudgment interest; and holding them liable with defendants Stanley W. Anderson and Edwin A. Smith for $3,197,222 representing $2,562,205 in ill-gotten gains plus $635,017 in prejudgment interest. CFO-5 and Trinity have not responded to

the SEC's motion for entry of default judgments.

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, the party must seek an entry of default from the Clerk of the Court under Rule 55(a). The SEC sought entry of default against CFO-5 and Trinity on October 17, 2008 [Docket Nos. 21, 22], and the Clerk entered default against both defendants on October 20, 2008 [Docket No. 23]. Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *Williams v. Smithson,* No. 95-7019, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished table opinion) (citing *Meehan v. Snow,* 652 F.2d 274, 276 (2nd Cir.1981)); *Nasious v. Nu-Way Real Estate,* No. 07-cv-01177-REB-MEH, 2008 WL 659667, at *1 (D. Colo. Mar. 6, 2008). The SEC has sought default judgment in the present motion.

In considering plaintiff's motion pursuant to Rule 55(b), the decision to enter default judgment is "'committed to the district court's sound discretion. . . .'" *Olcott v. Del. Flood Co.,* 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.,* 115 F.3d 767, 771 (10th Cir. 1997)). When exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Rains v. Ruplinger,* 946 F.2d 731, 732 (10th Cir.1991) (quotations marks and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. The SEC has persuaded the Court that it is

entitled to such protection in this case where neither CFO-5 nor Trinity has filed an answer or responsive pleading to the SEC's complaint.  Neither defendant has sought relief from the entry of default or otherwise attempted to participate in this litigation. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.,* 715 F.2d 1442, 1444-45 (10th Cir.1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure.  The threat of judgment by default serves as an incentive to meet this standard.").

Upon the entry of default against a defendant, the well-pleaded allegations in the complaint are deemed admitted.  *See Olcott v. Delaware Flood Co.,* 327 F.3d 1115, 1125 (10th Cir. 2003); *see also* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010).  In this case, those allegations include, *inter alia*, that defendants Stanley W. Anderson and Edwin A. Smith "developed a prime bank scheme and operated it through defendants CFO-5 . . . and Trinity . . ., entities under Anderson and Smith's control."  Compl. [Docket No. 1] at 2, ¶ 3.  Further, the complaint alleges that defendants CFO-5 and Trinity violated Sections 17(a)(1), 17(a)(2), and 17(a)(3) of the Securities Act, 15 U.S.C. §§ 77q(a)(1), q(a)(2) & q(a)(3); Section 10(b) and Rule 10b-5 of the Exchange Act, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; and Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c).  *See* Compl. at 21-23.  Through defendants CFO-5 and Trinity, Anderson and Smith received ill-gotten gains in an amount totaling $ 2,562,205.  *See* Compl. at 20, ¶ 73. Anderson and Smith have since stipulated to judgments entering against them for

that amount plus $ 635,017 in prejudgment interest.  *See* Docket Nos. 114, 116.  The SEC seeks to have CFO-5 and Trinity held jointly and severally liable with Anderson and Smith for these amounts.

CFO-5 and Trinity having failed to respond to the allegations of the complaint, or otherwise contest the calculation of damages in this matter, the Court concludes there is no need to hold a hearing pursuant to Federal Rule of Civil Procedure 55(b)(2) in order to calculate damages.  *See* 10A Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2688 (3d ed. 2010) ("If defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.  Indeed, if defendant is in default for failing to appear . . ., the clerk may enter the judgment for that amount and assess costs against defendant without any judicial hearing.").  The Court also finds, in light of CFO-5 and Trinity's failure to respond to the complaint or participate in this action, that entry of an injunction permanently restraining them from violating "the laws and rules alleged in [the] complaint" is appropriate.  *See* Compl. at 24-25 (Prayer for Relief).  Therefore, it is

**ORDERED** that plaintiff Securities and Exchange Commission's motion for default judgments against CFO-5, LLC and Trinity International Enterprises, Inc. [Docket No. 118] is GRANTED.  It is further

**ORDERED** that CFO-5, LLC and Trinity International Enterprises, Inc. and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further

**ORDERED** that CFO-5, LLC and Trinity International Enterprises, Inc. and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were

made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further

**ORDERED** that CFO-5, LLC and Trinity International Enterprises, Inc. and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the

subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

It is further

**ORDERED** that CFO-5, LLC be and is held jointly and severally liable with defendants Trinity International Enterprises, Inc., Stanley W. Anderson, and Edwin A. Smith for disgorgement of $2,562,205 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $635,017.  Defendant CFO-5, LLC shall satisfy this obligation by paying $3,197,222 (less the amount, if any, previously remitted to the Clerk of the Court in satisfaction of this joint and several obligation by defendants Trinity International Enterprises, Inc., Stanley W. Anderson and Edwin A. Smith) within ten business days to the Clerk of this Court, together with a cover letter identifying CFO-5, LLC as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order.  Defendant CFO-5, LLC shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendant CFO-5, LLC relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant CFO-5, LLC.  Defendant CFO-5, LLC shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and

income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.  The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

It is further

**ORDERED** that Trinity International Enterprises, Inc. be and is jointly and severally liable with defendants CFO-5, LLC,  Stanley W. Anderson and Edwin A. Smith for disgorgement of $2,562,205 representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $635,017.  Defendant Trinity International Enterprises, Inc. shall satisfy this obligation by paying $3,197,222 (less the amount, if any, previously remitted to the Clerk of the Court in satisfaction of this joint and several obligation by defendants CFO-5, LLC, Stanley W. Anderson, and Edwin A. Smith) within ten business days to the Clerk of this Court, together with a cover letter identifying Trinity International Enterprises, Inc. as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Order. Defendant Trinity International Enterprises, Inc. shall simultaneously transmit

photocopies of such payment and letter to the Commission's counsel in this action. By making this payment, Defendant Trinity International Enterprises, Inc. relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Trinity International Enterprises, Inc. Defendant Trinity International Enterprises, Inc. shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court. In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund. Such fee shall not exceed that authorized by the Judicial Conference of the United States. The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

It is further

**ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

It is further

**ORDERED** that default judgment shall enter in favor of the SEC and against

defendants CFO-5, LLC and Trinity International Enterprises, Inc. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter judgment against defendants CFO-5, LLC and Trinity International Enterprises, Inc. forthwith and without further notice.

DATED May 4, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge