IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No.  08-cv-01594-PAB-MEH

SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.

CFO-5, et al.,

      Defendants.

_____

**ORDER OF PERMANENT INJUNCTION AS TO
DEFENDANT MICHAEL D. NORTON**

_____

      The Securities and Exchange Commission filed a Complaint in this case on July

28, 2008 [Docket No. 1] and defendant Michael D. Norton (hereafter "Defendant")

entered a general appearance.  The parties have filed a Stipulated Motion for Entry of

Proposed Order of Permanent Injunction [Docket No. 106], to which is attached the

Consent of Defendant Michael D. Norton, wherein Defendant has: consented to the

Court's jurisdiction over Defendant and the subject matter of this action; consented to

entry of this Order of Permanent Injunction without admitting or denying the allegations

of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of

law; and waived any right to appeal from this Order of Permanent Injunction.

Accordingly, it is

      **ORDERED** that the Stipulated Motion for Entry of Proposed Order of Permanent

Injunction [Docket No. 106] is GRANTED.  It is further

      **ORDERED** that Defendant and Defendant's agents, servants, employees,

attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

It is further

**ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

It is further

**ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the

Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

It is further

**ORDERED** that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order of Permanent Injunction by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 15(a) of the Exchange Act,15 U.S.C. § 78o(a), by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such person is registered with the Commission as a broker or dealer in accordance with Section 15(b) of the Exchange Act. It is further

**ORDERED** that Defendant is liable for disgorgement of $67,450, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,967 for a total of $76,417. Based on Defendant's sworn representations in his Statement of Financial Condition dated April 7, 2009, and other documents and information submitted to the Commission, however, the Court is not ordering Defendant to pay a civil penalty and payment of the

disgorgement and pre-judgment interest thereon is waived.  Defendant shall also pay

post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.  The

determination not to impose a civil penalty and to waive payment disgorgement and

pre-judgment interest is contingent upon the accuracy and completeness of

Defendant's Statement of Financial Condition.  If at any time following the entry of this

Order of Permanent Injunction the Commission obtains information indicating that

Defendant's representations to the Commission concerning his assets, income,

liabilities, or net worth were fraudulent, misleading, inaccurate, or incomplete in any

material respect as of the time such representations were made, the Commission may,

at its sole discretion and without prior notice to Defendant, petition the Court for an

order requiring Defendant to pay the unpaid portion of the disgorgement, pre-judgment

and post-judgment interest thereon, and the maximum civil penalty allowable under the

law.  In connection with any such petition, the only issue shall be whether the financial

information provided by Defendant was fraudulent, misleading, inaccurate, or

incomplete in any material respect as of the time such representations were made.  In

its petition, the Commission may move this Court to consider all available remedies,

including, but not limited to, ordering Defendant to pay funds or assets, directing the

forfeiture of any assets, or sanctions for contempt of this Order of Permanent

Injunction.  The Commission may also request additional discovery.  Defendant may

not, by way of defense to such petition:  (1) challenge the validity of the Consent or this

Order of Permanent Injunction; (2) contest the allegations in the Complaint filed by the

Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment

interest or a civil penalty should not be ordered; (4) contest the amount of disgorgement

5

and pre-judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty allowable under the law; or (6) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.  It is further

**ORDERED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.  It is further

**ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order of Permanent Injunction.  It is further

**ORDERED** that judgment shall enter in favor of the SEC and against Defendant Michael D. Norton.  There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter judgment against Defendant Michael D. Norton forthwith and without further notice.


DATED May 4, 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge